By the Court.
The first claim of error made is one relating to the sufficiency of the indictment.
*509 The Constitution of Ohio, in its hill of rights, requires that the party accused shall have the right to know by the indictment “the nature and cause of the accusation against him.”
To what limit the state must go in presenting such “nature and cause of the accusation” has never been determined with nicety and exactness. Clearly, however, it is sufficient that the essential elements of the offense shall be pleaded in the indictment and proved beyond a reasonable doubt at the trial.
Touching the sufficiency of an indictment the general assembly of Ohio has enacted Section 13587, General Code, which reads:
“In an indictment for perjury or for subornation of perjury, it shall be sufficient to set forth the substance of the offense charged, and before what court or authority the oath was taken, averring such court and authority to have full power to administer such oath, with the proper averments to falsify the matters wherein the perjury is assigned, without setting forth any part of a record or proceeding, or the commission or authority of the court or other authority, before which such perjury was committed.”
Now, under the constitutional provision and this statute, it is quite clear that there must be an averment of the false testimony McCaffrey gave upon the McGannon trial; that such testimony was in respect to a matter material upon that trial.
McCaffrey’s testimony in the McGannon trial in question was sufficiently set forth. The averment that it was knowingly false was likewise set forth, and the further averment that it was in a material *510 matter in issue upon that trial was also properly set forth.
McCaffrey had no right to complain as to the sufficiency of the indictment under the constitution, the statute and our established practice, and could in no wise have been prejudiced by any of the omissions of which he complains.
Complaint is also made that the verdict is not sustained by sufficient evidence.
We will not weigh the evidence.
Suffice it to say, there is on every essential element of the crime charged abundant evidence to warrant the jury’s verdict; at least that that verdict should not be disturbed by the trial judge or any reviewing court.
The one major question upon which chief reliance is placed for reversal in brief and argument was the alleged misconduct of the trial judge in testifying in the case then on trial before him.
The trial judge while sitting upon the bench was sworn as a witness, testified in response to the questions of the prosecuting attorney, or his assistant, under objection and exception, stating that he was a judge of the common pleas court, that he presided as judge at the trial of the McGannon case, that the defendant in this action, James McCaffrey, was sworn as a witness and testified on the witness stand. He further testified that the McGannon trial was held in Cleveland, Cuyahoga county, Ohio.
It is vigorously contended in behalf of McCaffrey that this was error clearly and convincingly prejudicial, by reason of which he was denied that fair and impartial trial guaranteed him by the constitution and our laws.
*511 No claim is made that there was any incompetent or irrelevant evidence given by such trial judge in his testimony. Complaint, however, is vigorously made that he was not competent as a witness, and that his testimony so given was error against the defendant, for which a new trial should be granted.
The competency of witnesses in Ohio is largely controlled by the statutes in that regard. Section 11493, General Code, reads:
“All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.”
Section 11494, General Code, deals only with “the following persons shall not testify in certain respects.” It does not disqualify such persons entirely as witnesses, nor do the classes enumerated in such statute in any wise relate to or include the trial judge.
While there is no statute disqualifying the common pleas judge as a witness in a trial at which he presides, it is claimed that the general doctrine of due process of law as applied to the orderly conduct and procedure of a fair and impartial trial forbids the trial judge from testifying as a witness, and that for him to do so is a denial of the constitutional right of the defendant to such fair and impartial trial, by reason of its natural and necessary influence upon the jury, for the state and against the accused.
In one of the latest and most widely quoted works on evidence, that of Wigmore, in volume 3, page 2529, the doctrine pertaining to the trial judge tes *512 tifying in a case, on trial before him is discussed at some length:
JANUARY TERM, 1922. [105 O. S. Opinion Per Curiam.
/.‘.Coming, then, to the reasons set forth in the above quotations, it will be seen that one of them at least — the inability of the judge to administer the witness’ oath to himself — is a petty obstacle (if it is one) which should rather be obviated (as it is in many jurisdictions) by a statute empowering, the clerk to administer rather than by the clumsy solution of disqualifying the Judge. Furthermore, as to some of the other reasons — such as the impropriety of the Judge passing upon his own claim of privilege and the unseemliness of the Judge being impeached for unveracity by the opponent — it may be said that these are the merest possibilities, that may be trusted to be avoided through the combined good sense and discretion of counsel and judge, and that to establish a universal rule for the sake of rare contingencies is impractical and unnecessary. The only real and remaining objections to the judge’s assuming the place of a witness seem to be, in the first place, that he would be put thereby into a more or less partisan attitude before the jury and would thus as a judge lose something of the essential traits of authority and impartiality; secondly, that his continuing power as judge would embarrass and limit the opposing counsel in his cross-examination of the judge-witness, and would thus unfairly restrict the opponent’s opportunity to expose the truth * * *. In these objections there is a modicum of truth. Yet is it necessary on that account to lay down a universal prohibition? The force of the objections would be most seen and would rise to an *513 appreciable degree only when tbe judge became a principal witness, — as in tbe ease put by King Henry IV, where the judge had been an eye-witness of a murder.”
It will be helpful to us to understand the nature and extent of the trial judge’s testimony in this case. It related wholly to what may be regarded as formal or preliminary matters, essential to be proven, but it in no wise tended to prove any moral turpitude or any of the essential elements of the crime of perjury against the accused.
The mere fact that the accused testified in a trial before him, to-wit, in the McGcmnon case, and that that trial was held in Cuyahoga county, can in no wise and by no stretch of the imagination be regarded as any fact or circumstance tending to prove that the testimony given by McCaffrey at such former trial was or was not perjured testimony.
Indeed, the defendant himself admitted that he ‘had testified at that trial, and neither he nor his counsel made any claim, directly or indirectly, that that trial was not held in Cuyahoga county.
It' would be straining trifles and technicalities beyond all limit to hold regarding any other witness, though incompetent, testifying to these same matters, which were not in dispute and not denied except by the formal plea of not guilty, which is purely technical, that such incompetent witness testifying to competent matter caused a mistrial by reason of such testimony being prejudicial error.
The contention of the plaintiff in error is that this ease should have been tried to another common pleas judge if the state desired to use the trial *514 judge’s testimony. Had this been done, clearly there could have been no error, and yet this same trial judge would in all probability have been as well known and as favorably known to the jurors of Cuyahoga county in a trial before another judge as he was well and favorably known to the jurors in the trial over which he himself presided. The suggestion is not persuasive of any error.
Had the trial judge in his testimony before the jury testified as to anything else than merely formal or preliminary matters, anything as to which there was conflict of testimony, or anything which was in dispute between the parties, anything that tended to prove that the testimony given in the McGannon case was false, or by him known to be false, or that it was material to any of the issues or any other element of the offense to be determined by the jury, an entirely different question would then have been presented to this court for review.
While holding in this case that there was no prejudicial error materially affecting the substantial rights of the defendant upon the entire record of this case, we are not holding in favor of the practice of the trial judge acting as a witness, particularly in a criminal case. We strongly feel that the guarantee of due process of law, whereby a fair and impartial trial guaranteed by the constitution is to be given the accused, can be best worked out by each factor in the product of justice performing its own proper and exclusive functions; that that rule should be observed not only as to the trial judge, but as to the jury, the counsel, the witnesses, the officers in charge of the jury, and the public. When either factor invades the rights and duties of the other, a miscarriage of jus *515 tice is not unlikely. It is a dangerous practice and should not he encouraged.

Judgment affirmed.

Marshall, C. J., Johnson, Hough and Wanamaker, JJ., concur.